IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT WARREN TRIPLETT, JR., #126566**                           **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 1:17-CV-65-LG-RHW**

**JACQUELINE BANKS, MARSHALL TURNER,
FAYTONIA JOHNSON, RONALD WOODALL,
NURSE HARDY, JOY ROSS, CAPTAIN R. EVANS,
CAPTAIN S. EVANS, CAPTAIN COOLEY, CAPTAIN
DAVIS, LIEUTENANT CAUSEY, LIEUTENANT
TAYLOR, JOHN DOES, DR. C. McCLEAVE, and
NURSE PRACTITIONER G. WOODLAND**                           **DEFENDANTS**

**ANSWER AND DEFENSES**

Defendants Jacqueline Banks, Marshal Turner, Karen Causey, Mitcheal Taylor, Mark Davis, Debbie Cooley, Roderick Evans, Sheneice Evans and Joy Ross, by and through counsel, submit their Answer and Defenses to the Plaintiff's Complaint, and would show unto the Court as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants respond to the allegations of the Plaintiffs' Complaint as follows:

*OTHER LAWSUITS FILED BY PLAINTIFF*

This portion of Plaintiff's Complaint does not pertain to the merits of the current action and does not require a response from Defendants. Furthermore, Plaintiff has left this portion of his Complaint blank. To the extent that a response from Defendants is deemed to

be required, any and all allegations set forth in this portion of Plaintiff's Complaint are denied.

## PARTIES

I. Admitted.

II. It is admitted that Plaintiff has sued the parties set forth as defendants in Paragraph II. It is denied that any of these parties are proper defendants or that this action is properly before this Court. Any allegations set forth in Paragraph II of the Complaint which are not specifically admitted herein are denied.

## GENERAL INFORMATION

A. Admitted.

B. Admitted.

C. Admitted.

D. Admitted.

E. Denied.

F. N/A.

## STATEMENT OF CLAIM

III. The allegations set forth in Plaintiff's Complaint under the heading "Statement of Claim" and in the attachments referenced therein are denied. Strict proof is demanded of same.

*RELIEF*

IV.     It is denied that Plaintiff is entitled to any relief whatsoever in this matter. Any allegations set forth in Paragraph IV of the Complaint which are not specifically admitted herein are denied.

*RESPONSE TO ORDER [8]*

Any and all allegations set forth in Plaintiff's *Response to Order [8]* are denied.

*SUPPLEMENTAL RESPONSE TO ORDER [9]*

Any and all allegations set forth in Plaintiff's *Supplemental Response to Order [9]* are denied.

**SECOND DEFENSE**

Defendants' actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

**THIRD DEFENSE**

Defendants reserve the right to seek leave to amend their Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

**FOURTH DEFENSE**

Defendants are entitled to and hereby affirmatively plead their immunity from suit, including but not limited to immunity recognized by the Eleventh Amendment.

**FIFTH DEFENSE**

Defendants are entitled to and hereby affirmatively plead their federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

**SIXTH DEFENSE**

Defendants are entitled to and hereby affirmatively plead their state law qualified immunity defenses to suit and liability in this cause, including relief from discovery procedures.

**SEVENTH DEFENSE**

Defendants are entitled to and hereby affirmatively plead their sovereign immunity defenses to suit and liability in this cause pursuant to and inclusive of the provisions of Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

**EIGHTH DEFENSE**

Defendants specifically deny that they have willfully violated any law in any manner or respect whatsoever and denies that they are liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

**NINTH DEFENSE**

Pursuant to Fed. R. Civ. P. 8(b), Defendants deny all allegations asserted by Plaintiff against them as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

**TENTH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary,

capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## ELEVENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWELFTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## THIRTEENTH DEFENSE

Defendants cannot be held vicariously liable in this action. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691–95, 98 S. Ct. 2018, 2036–38, 56 L. Ed .2d 611 (1978).

## FOURTEENTH DEFENSE

Defendants also assert, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver.

**NOW**, having fully answered the allegations of Plaintiff's Complaint, and having set forth their defenses thereto, Defendants deny that the Plaintiff is entitled to any against them in any form or amount, whatsoever, and hereby moves the Court for Entry of an order and final judgment dismissing this cause of action against them with prejudice, with all costs assessed to the Plaintiff. Finally, Defendants move for general and such other relief as the Court deems appropriate herein.

This, 17th day of August, 2017.

          **JACQUELINE BANKS, MARSHAL TURNER, KAREN CAUSEY, MITCHEAL TAYLOR, MARK DAVIS, DEBBIE COOLEY, RODERICK EVANS, SHENEICE EVANS and JOY ROSS, DEFENDANTS**

          **JIM HOOD, ATTORNEY GENERAL**
          **STATE OF MISSISSIPPI**

          **BY:** */s/ Benny M. May*

Benny M. May (MSB #100108)
Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601)359-3522
Facsimile: (601) 359-2003
E-mail: *bemay@ago.state.ms.us*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system and that I have caused to be mailed, via U.S. Postal Service, postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following, non-ECF participant:

>Robert Warren Triplett, #126566
>South Mississippi Correctional Institution
>P.O. Box 1419
>Leakesville, MS 39451

This, 17th day of August, 2017.

>/s/ Benny M. May