# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT WARREN TRIPLETT, JR., # 126566** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 1:17cv65-LG-RHW** |
| **JACQUELINE BANKS, MARSHALL TURNER, FAYTONIA JOHNSON, RONALD WOODALL, NURSE HARDY, JOY ROSS, CAPTAIN R. EVANS, CAPTAIN S. EVANS, CAPTAIN COOLEY, CAPTAIN DAVIS, LIEUTENANT CAUSEY, LIEUTENANT TAYLOR, JOHN DOES, DR. C. MCCLEAVE, and NURSE PRACTITIONER G. WOODLAND** | **DEFENDANTS** |

## ORDER DENYING RECONSIDERATION

BEFORE THE COURT is *pro se* Plaintiff Robert Warren Triplett, Jr.'s Motion for Reconsideration [18] of the Memorandum Opinion and Order of Partial Dismissal [11]. Among others, the Court dismissed Defendants Laura Tilley, Gia McLeod, and Joseph Cooley. Triplett asks the Court to reconsider dismissal of these three Defendants, claiming the Court committed errors of law. The Court has considered Plaintiff's submission and the relevant legal authority.

"Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient.'" *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010)). This is true "even in the absence

of new evidence or an intervening change in or clarification of the substantive law." *Id.*

Triplett first argues the Court committed an error of law by dismissing the due process claim against Tilley and McLeod, because Plaintiff now claims they allegedly took his money "pursuant to the policy, practices and customs of MDOC." (Mot. for Recons. at 1). Contrary to what Triplett now claims on reconsideration, he had pled that Tilley and McLeod actually violated Mississippi Department of Corrections ("MDOC") policy by taking his money. (Resp. at 1).

Triplett next argues that the Court erred in holding there were adequate State post-deprivation remedies through suits for conversion and under the Mississippi Constitution's Takings Clause. Specifically, Triplett argues the Eleventh Amendment and the Mississippi Tort Claim Act ("MTCA") would preclude him "from any recovery in state courts." (Mot. for Recons. at 3).

In the absence of consent to be sued, "States retain immunity from private suit in their own courts." *Alden v. Maine*, 527 U.S. 706, 754-55 (1999). The MTCA reflects a limited consent by the State of Mississippi to be sued in its State courts. Miss. Code Ann. § 11-46-1, et seq. Sovereign immunity does not bar suits against state officers in their individual capacities. *Alden*, 527 U.S. at 756-57. "Even a suit for money . . . may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought . . . from the officer personally." *Id.* at 757.

Therefore, sovereign immunity would not bar a suit against Tilley and McLeod, but may against the State of Mississippi.

The MTCA contains a general waiver of sovereign immunity, but retains exceptions to that waiver. Miss. Code Ann. §§ 11-46-5, 11-46-9. The State does not waive immunity for "any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-5(2). Additionally, the MTCA provides that no governmental:

> employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

Miss. Code Ann. § 11-46-7(2). In other words, if the employee's conduct constituted fraud, malice, or any criminal offense except for a traffic violation, the employee would be liable, but the government would not.

The Mississippi Supreme Court held that a conversion claim "arguably" would be subject to the MTCA, "so pre-suit notice to the governmental entity of such a claim *generally* is required." *Zumwalt v. Jones Cty. Bd. of Supervisors*, 19 So. 3d 672, 689 (¶86) (Miss. 2009). *Id.* (emphasis added). This was generally the case, the court held, because conversion "does not require proof of fraud, malice, libel, slander, or defamation." *Id.* The court did not consider whether any given

3

conversion might also constitute "any criminal offense." The court then found "it unnecessary to address whether Zumwalt failed to adhere to the MTCA's notice requirement for her conversion claim," because her claim failed on the merits. *Id.* at (¶87).

Here, Triplett alleges that Tilley and McLeod intentionally took too much money out of his account. If this constitutes a criminal offense, then the State could not be sued for conversion, but Tilley and McLeod still could. A suit for conversion against the individual employees would constitute an adequate post-deprivation remedy. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). If the conduct, however, is not criminal, then the State could arguably be sued for conversion, unless the State raised a further immunity defense under the MTCA. Two such affirmative defenses are that the State and its employees acting within the course and scope of their employment are not liable "for any claim . . . [o]f any claimant who at the time the claim arises is an inmate of any . . . penitentiary" or any claim "[a]rising out of any loss . . . of property of a[n] . . . inmate of a state institution." Miss. Code Ann. § 11-46-9(m), (s). Since Triplett's claim is that he lost property while he was an inmate, the MTCA would bar the action against the State, should it raise these defenses. In other words, he cannot sue the State for conversion, but he may be able to sue Tilley and McLeod.

A Mississippi Takings claim, unlike the conversion claim, arises under the Mississippi Constitution. That Constitution provides, in pertinent part:

4

> Private property shall not be taken . . . for public use, except on due compensation being first made to the owner . . . and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

Miss. Const. Art. 3, § 17. Under Mississippi law, generally, "a [state] statute cannot trump the Mississippi Constitution." *Pickering v. Langston Law Firm*, 88 So. 3d 1269, 1288 (¶100) (Miss. 2012). *See also*, *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013). The "constitutional provision prevails if there is an irreconcilable conflict, otherwise a certain deference is afforded statutes." *Bd. of Trustees of State Insts. of Higher Learning v. Ray*, 809 So. 2d 627, 636 (¶23) (Miss. 2002). Here there is a conflict between the MTCA stating that a prisoner cannot sue based on "any" claim for lost property and the Mississippi Takings Clause that whether property is taken for public use, and therefore requires due compensation, is a judicial question.

Indeed, Mississippi has allowed suits by inmates alleging their property was taken by prison officials without just compensation. *Johnson v. King*, 85 So. 3d 307, 310 (¶7) (Miss. 2012); *Bentrup v. Epps*, 152 So. 3d 1222, 1224 (¶7) (Miss. Ct. App. 2014). Both *Johnson* and *Bentrup* were decided on appeal of a lower court's judicial review of the denial of the inmate's grievance filed through the Administrative Remedy Program. *Johnson*, 85 So. 3d at 308 (¶1); *Bentrup*, 152 So. 3d at 1223-24 (¶¶2-4). In such cases, the Mississippi courts "review the appeal to determine whether [MDOC's] order '(1) was unsupported by substantial evidence,

5

(2) was arbitrary or capricious, (3) was beyond the power o[f] [MDOC] to make, or (4) violated some statutory or constitutional right of the aggrieved party.'" *Id.* at 1223-24 (¶4). Therefore, at the very least, the MTCA would not prevent a state Takings claim in state court. *Accord, Lester v. Lee*, 4:14cv3, 2014 U.S. Dist. LEXIS 75351 at * 4-5 (N.D. Miss. Jun. 3, 2014).

Finally, Triplett argues that the Court erred in dismissing Cooley because he has allegedly denied Triplett due process and access to courts by preventing him from exhausting his claims through the Administrative Remedy Program. These allegations may be relevant as to whether the exhaustion requirement may be excused. *See, Dillon v. Rogers*, 596 F.3d 260, 267-68 (5th Cir. 2010); *Mahogany v. Miller*, 252 F. App'x 593, 594 (5th Cir. Oct. 24, 2007) (holding claim that failure to process grievance denied access to courts was frivolous); *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982); *Pub. Emps. Ret. Sys. v. Hawkins*, at 906-07 (¶¶31-35) (Miss. 2001) (discussing exceptions to Mississippi's administrative exhaustion requirement). However, for the reasons previously discussed in the Memorandum Opinion, he does not show the Court erred in dismissing Cooley.

Having failed to demonstrate a reason for reconsideration, Triplett's motion, will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that *pro se* Plaintiff Robert Warren Triplett, Jr.'s Motion for Reconsideration [18] should be, and is hereby, **DENIED.**

SO ORDERED AND ADJUDGED **this the 29th day of September, 2017.**

>   *s/* *Louis Guirola, Jr.*
>   **LOUIS GUIROLA, JR.**
>   **CHIEF U.S. DISTRICT JUDGE**